THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COLORADO CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>STARLINE WINDOWS, INC.,<br><br>Defendant. | CASE NO. C12-2218-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for summary judgment on coverage, defense costs, and bad faith (Dkt. No. 90), Plaintiff's motion for summary judgment on indemnity issues (Dkt. No. 110), and Plaintiff's motion for summary judgment on coverage for assumed liability under the written warranty (Dkt. No. 112). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motions for the reasons explained herein.

I.  BACKGROUND

This Court has already ruled on Defendants' motion for summary judgment and Plaintiff's cross-motion for summary judgment. (Dkt. No. 96.) That order described the background of this case. (*Id.* at 1–3.) In brief, Defendant Starline Windows ("Starline") provided defective windows for an apartment complex owned by The Bristol at Southport, LLC ("Bristol"). Starline performed repair work in early 2002, but Bristol discovered in 2010 that the

damage had not been repaired and there was widespread water damage.

Plaintiff Colorado Casualty Insurance Company is one of Starline's insurers. Starline's other insurers (referred to as the "Settling Insurers") entered into a February 2013 with Starline, Bristol, and two related Starline entities, Starline Windows Ltd. ("LTD") and Starline Windows (2001) Ltd. ("Starline 2001"). Colorado's Second Amended Complaint names as defendants Starline, Bristol, and Royal & Sun Alliance Insurance Company of Canada ("RSA"). (Dkt. No. 87.) Colorado seeks a declaratory judgment affirming that it has no duty to pay any amount to Starline. (*Id.*)

This Court has already granted in part the parties' cross-motions for summary judgment. (Dkt. No. 96.) Colorado has now filed three additional summary-judgment motions, largely concerning issues related to those already decided. (Dkt. Nos. 90, 110, 112.)

**II.   DISCUSSION**

**A.   Local Rules**

Colorado has filed 41 pages worth of summary-judgment motions (not included its cross-motion for summary judgment). The local rules require that motions for summary judgment not exceed 24 pages. *See* W.D. Wash. Local Civ. R. 7(e)(3). In recognition that parties may attempt to evade these page limits by filing multiple motions on discrete claims, the Rules also prohibit parties from making contemporaneous filings on discrete issues, such as those here. *See id.* These limitations serve to ensure that the issues on summary judgment are clear. Here, Colorado has filed three summary-judgment motions. The Court considers the first summary-judgment motion but only briefly explains why summary judgment would be inappropriate on the issues raised in Colorado's second and third improperly filed summary-judgment motions.

**B.   Summary-Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the case's outcome. *See Anderson v.*

*Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if there is enough evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* at 49. At the summary judgment stage, evidence must be viewed in the light most favorable to the nonmoving party, and all justifiable inferences must be drawn in the nonmovant's favor. *See Johnson v. Poway Unified Sch. Dist.*, 658 F.3d 954, 960 (9th Cir. 2011).

### C.   Coverage, Defense Costs, and Bad Faith

Colorado's first motion for summary judgment presents four questions:

(1) Was Bristol's 2010 claim related to property damage occurring in 2001 and 2002?

(2) Were Colorado's actions in bad faith?

(3) Is Colorado excused from providing coverage if Starline released LTD in the settlement agreement?

(4) Is Colorado entitled to reimbursement of defense costs from RSA?

#### 1.   When did the property damage occur

Defendants have presented evidence about ongoing problems with the windows in the period between the original repairs and 2010. This includes a declaration from Bristol's owner, Michael Christ, about a number of records—including service requests and work orders—showing window leaks over the years. (Dkt. No. 98.) Colorado argues that Mr. Christ lacked "personal knowledge" and asserts that he is lying. (Dkt. No. 106 at 6.) But Mr. Christ described these same work orders in an affidavit in the state-court action that Colorado cites on another occasion. (Dkt. No. 60, ex. 5). The Court sees no reason to ignore records that clearly contradict Colorado's fundamental premise that the damage occurred solely in 2010. Colorado also cites no evidence that the damage occurred solely in 2010, instead relying on conclusory statements. (Dkt. No. 90 at 11–12.)

Colorado cites *Allstate Ins. Co. v. Bowen*, 91 P.3d 897 (2004), for the proposition that even if the property damage occurred in 2001–02, Bristol did not suffer "property damage" but only "economic loss." In that case the court was considering whether coverage existed when an

alleged misrepresentation in a disclosure statement meant that a homebuyer was not informed about sewer problems. *Id.* at 899. The relevant parties admitted that the misrepresentation did not physically cause the property damage. *Id.* at 902. That does not support Colorado's claim that property damage starting in 2001 and continuing through 2010 would not be covered under the policy. *See Villella v. Pub. Empl. Mut. Ins. Co.*, 725 P.2d 957, 960–61 (1986) (under Washington law, all insurers on a risk during a period of ongoing damage may be liable).

The source and timing of any water damage are genuine issues of material fact on which summary judgment is inappropriate. Plaintiff's motion for summary judgment on this issue is DENIED.

### 2. Bad-faith and CPA claims

Colorado recognizes that "whether an insurer acted in bad faith is generally a question of fact." (Dkt. No. 90 at 16.) Colorado sought summary judgment on Defendants' bad-faith claims in its original cross-motion for summary judgment, which the Court denied. (Dkt. No. 96 at 12–13.) Colorado contends in its reply that the order on the cross-motions "have clarified the remaining issues, which can now be resolved." The Court disagrees.

Colorado argues that statements about it being "obstructive" and "unwilling" are "at odds with the facts in the record" and that this Court should ignore them. (Dkt. No. 106 at 10.) But not only are bad-faith determinations generally questions of fact, on summary judgment all facts and reasonable inferences are viewed in the light most favorable to the nonmoving party. *See Johnson*, 658 F.3d at 960. As the Court concluded on the cross-motions for summary judgment (Dkt. No. 96 at 12–13), there remain at least some questions about whether Colorado has acted in good faith. Summary judgment on the bad-faith claims is therefore DENIED. Because Colorado's argument about the CPA claims depends on its bad-faith argument, summary judgment on the CPA claims is also DENIED.

### 3. Effect of the settlement agreement

The Colorado policy contains a subrogation clause:

ORDER
PAGE - 4

> If the insured has rights to recover all or part of any payments we have made under this coverage part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

(Dkt. No. 91, ex. 1 at 14.) Colorado argues that if Starline released LTD from any claims in the Settlement Agreement, then Starline destroyed Colorado's contractual subrogation rights, relieving Colorado from any coverage obligation. (Dkt. No. 90 at 12.)

The Court agrees with Defendants that whether Starline had a duty to preserve Colorado's subrogation rights is an issue of fact that depends on whether Colorado breached its contractual obligations. (Dkt. No. 97 at 13–15.) As the Court has already concluded, summary judgment is not appropriate on the question of Colorado's bad faith, including on the issue of whether Colorado participated in the settlement discussions in good faith. Viewing the facts in the light most favorable to Defendants, the Court concludes that Colorado's actions may have relieved Starline from its cooperation and claim-preservation duties. Summary judgment on this issue is therefore DENIED.

   4. **Claim for defense costs**

Whether Colorado is entitled to defense costs from RSA turns on which policy was primary. (Dkt. No. 90 at 2.) In the course of the briefing on the cross-motions for summary judgment, Defendants cited a supplemental production of the RSA insurance policies that ostensibly demonstrated that one of the RSA policies included a super-escape clause. (Dkt. No. 70, ex. A; Dkt. No. 96 at 6.) The Court concluded that there was insufficient context to determine the relationship between the produced form and the policy, and declined to grant summary judgment for Defendants on the issue of whether the policy included a super-escape clause. (Dkt. No. 96 at 6.)

Defendants have now produced a declaration from Karie Ewles, providing context for the supplemental production. (Dkt. No. 99.) Colorado moves to strike her declaration because she was not identified as a potential witness. (Dkt. No. 106.) But even if the Court does not consider

ORDER
PAGE - 5

her declaration, the Court concludes, as it has already concluded (Dkt. No. 96 at 6), that there is a question of fact about the relationship between the form produced in the supplemental production and the RSA policy issued to LTD. *See Johnson*, 658 F.3d at 960 (all facts and reasonable inferences viewed in light most favorable to the nonmoving party). The Court therefore DENIES summary judgment on whether defense costs are appropriate.

### D. Motions for Summary Judgment on Indemnity Issues and on Coverage for Assumed Liability Under the Written Warranty

As discussed above, Colorado's second and third motions for summary judgment were improperly filed. Even so, the Court briefly addresses why summary judgment would be inappropriate regardless.

Colorado makes a number of arguments in these motions, including that Bristol's claims in the related action were based solely on the 10-year written warranty (Dkt. No. 110 at 4), that the warranty was only for manufacturing defects (Dkt. No. 112 at 7), that Starline has a right of indemnity because the only harm was caused by manufacturing defects (Dkt. No. 110 at 7), that Starline had a claim for equitable indemnification (Dkt. No. 110 at 7), that any assumption of liability on the part of Starline would be void for lack of consideration (Dkt. No. 112 at 5), and that the Colorado policy excluded any assumption of liability on the part of Starline under two policy exceptions (Dkt. No. 112 at 8). The parties make a number of intricate arguments about the effect of particular provisions in the warranty and issues in the related action, and the parties' arguments evolve over the course of the briefing. However, it appears undisputed that Starline provided repairs for the windows, and the Court disagrees that the language of the warranty limits liability to manufacturing defects. Further, the Court concludes that the effect of the settlement agreement cannot be determined on summary judgment. It is unclear why Defendants did not seek to obtain a reasonableness hearing, but Colorado cannot obtain summary judgment by arguing that the issues as established in the settlement agreement are entirely wrong, simply because no reasonableness hearing has been conducted. As this Court has already concluded, it

cannot be determined on summary judgment whether all damage resulted from manufacturing defects. (Dkt. No. 96 at 10.) Colorado has failed to meet its burden on summary judgment.

### III. CONCLUSION

For the foregoing reasons, Colorado's motions for summary judgment (Dkt. No. 90, 110, 112) are DENIED.

DATED this 1st day of April 2014.

John C. Coughenour
UNITED STATES DISTRICT JUDGE